Joseph W. RUCKER, M. D., Plaintiff,

v.

John R. WILSON, M. D., Donald H. Kuiper, M. D., Margaret Thoms, F. Ann Pillote, M. D., James C. Breneman, M. D., Carol E. Pearson, M. D., James W. Burdick, Arthur Majewski, John F. Fennessey, M. D., James L. Fenton, M. D., Alma R. George, M. D., Henry A. Kallet, M. D., and Addison E. Prince, M. D., collectively comprising the Medical Practice Board, Department of Licensing and Regulation, State of Michigan, Defendants.

Civ. A. No. 79–70969.

United States District Court,
E. D. Michigan, S. D.

Sept. 12, 1979.

---

Frederick B. Bellamy, Frimet, Goren & Bellamy, Southfield, Mich., Frank Susman, Susman, Schermer, Willer & Rimmel, St. Louis, Mo., for plaintiff.

Gay S. Hardy, Max R. Hoffman, Jr., Asst. Attys. Gen., Lansing, Mich., for defendants.

MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

On June 15, 1976, a complaint was filed before the Medical Practice Board of the State of Michigan (now known as the Michigan Board of Medicine) charging the plaintiff, Dr. Joseph W. Rucker, with a number of improprieties in connection with the performance of abortions. That complaint has been amended twice to include additional charges. The improprieties are alleged to have occurred during the years of 1973 and 1974. The hearing before the Medical Practice Board (hereafter referred to as "Board") did not begin until April 23, 1979, and, because of the Board's schedule, the hearing has not yet been completed.

Plaintiff contends that the long delay between the acts charged and the hearing is such as to deprive him of his federal constitutional right to due process of law. This issue was raised in the proceeding before the Board, but the motion to dismiss those proceedings on that ground was denied.

Frustrated in his attempt to have the Board find that it had denied him due process, plaintiff sought interlocutory relief from the Wayne County Circuit Court on two occasions. Each time, after granting a temporary restraining order which suspended the proceedings in front of the Board, the court dissolved the order and dismissed the case, sending it back to the Board.

Thus frustrated by the Michigan courts, the plaintiff filed suit in this court, again asking for an order terminating the proceedings in front of the Board. On April 6, 1979, Judge Ralph Guy, acting in the absence of Judge Charles Joiner, denied plaintiff's request for a temporary restraining order. Now, plaintiff has asked this court to enter a preliminary injunction and, at the same time, the defendants, the individuals who make up the Board, have moved to dismiss. For the reasons that follow, the motion for preliminary injunction is denied, while the motion to dismiss is granted.

In 1971, the United States Supreme Court decided that when the relief sought by a plaintiff in a federal action was something that could be sought in a then existing state criminal proceeding, the federal court must abstain. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). This decision was based primarily on the fact that the Constitution of the United States provides that ongoing criminal proceedings in state courts are adequate and appropriate forums in which to decide questions of federal constitutional law. In arriving at its conclusion, the court also considered the notions of comity, equity, and federalism. The court reasoned that (1) the state forum provides an adequate remedy, and (2) experience has shown that the existing system does work to protect federal constitutional rights.

Later, in *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1974), the Court extended the rule in *Younger* to civil cases which are very similar to criminal prosecutions. In *Huffman*, the state attempted, in state court, to have a movie theater shut down as a public nui-

sance because it showed allegedly obscene films. The theater went to federal court in an attempt to halt the state court proceedings. The Supreme Court noted that the state was a party to the civil proceedings as it would be in a criminal proceeding and that the proceeding was "both in aid of and closely related to criminal statutes which prohibit the dissemination of obscene materials." 420 U.S. at 604, 95 S.Ct. at 1208.

In this case, the state is a party to the proceedings before the Board, and those proceedings relate closely to the criminal laws of the State of Michigan dealing with the unauthorized practice of medicine. M.C.L.A. § 338.1816(2). If the state proceedings in this case were before a court, this court could merely cite *Huffman* and dismiss the case. However, plaintiff notes that no court has yet ruled that the *Younger* doctrine extends to state administrative hearings. In 1977, the Supreme Court noted that it had not yet decided this question. *Ohio Bureau of Employment Services v. Hodory*, 431 U.S. 471, 97 S.Ct. 1898, 52 L.Ed.2d 513 (1977).

In this case, if the Board rules against Dr. Rucker, he will have an appeal as of right to the courts of the State of Michigan. M.C.L.A. §§ 24.301, 24.306.

Therefore, the position of Dr. Rucker differs from the position of *Pursue, Ltd.*, only in the type of tribunal before which the state proceedings are being held. All of the same interests exist here as existed there, and for all of the same reasons of comity, equity, and federalism, this court holds that the *Younger* doctrine does apply to administrative proceedings like this one where the state is a party. The enforcement of state criminal laws is involved, and there is a right to appeal any federal constitutional questions to the state courts. It is important to give litigants a fair opportunity to be heard in court, but there is no reason to give everyone two full bites at the judicial apple. The appeal process is more than adequate protection for the constitutional rights involved here.

At one time, plaintiff argued that he was entitled to relief because the Board had violated its own rules. In plaintiff's view, such a violation by a state administrative agency was a *per se* violation of due process. In light of *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979), this argument is without merit. In a post hearing letter to the court, plaintiff appears to have abandoned this claim that a rule violation is a *per se* violation of due process. Defendants' motion to dismiss is granted.

So ordered.